IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

SOUTHWEST ALABAMA BEHAVIORAL )
HEALTH CARE SYSTEMS, )
    Plaintiff, )
     )
vs. ) CIVIL ACTION NO. 15-00469-KD-B
     )
NETSMART TECHNOLOGIES, INC., )
    Defendant. )

**ORDER**

This matter is before the Court on Plaintiff's motion to remand (Doc. 9)[1], Defendant's responses (Docs. 10 and 16), Defendant's Motion to Amend Pleadings to Assert Compulsory Counterclaims Against Plaintiff (Doc. 17), Plaintiff's Response (Doc. 18) and Defendants' Reply (Doc. 19).

On September 11, 2015, Plaintiff initiated this litigation against the Defendant in the Circuit Court of Conecuh County, Alabama, asserting: 1) the agreements, contracts and leases between the parties be terminated at once and the parties "made no longer responsible" for any obligations to any other party; 2) it suffered $100,000 in damages; and 3) because of Defendant's fraud and misrepresentation, is due punitive damages of $1,000,000.[2]  (Doc. 1-1).

Defendant removed the case on September 25, 2015.  (Doc. 1).  On September 30, 2015, Defendant answered and simultaneously moved to dismiss Plaintiff's fraud claim.  (Docs. 3-5). On October 9, 2015, Plaintiff filed a motion to remand the case to state court.  (Doc. 9). The

---

[1] The Court has allowed plaintiff to supplement its motion to remand. (Doc. 17)

[2] Stemming from an August 16, 2013 Avatar License and Service Agreement (contract) executed between the parties which provided for Plaintiff's license, installation and implementation of a Netsmart Avatar Electronic Health Record System.

1

motion to dismiss is pending before the Magistrate Judge.

**MOTION TO REMAND**

For reasons stated in the defendant's responses (Docs. 10 and 16), the motion is due to be **DENIED**. Plaintiff cannot, after removal, change the damages requested in order to defeat diversity.

**MOTION TO AMEND**

Rule 15(a) of the Federal Rules of Civil Procedure governs requests for leave to amend pleadings and leave should be freely given except in the presence of countervailing factors such as undue prejudice to the opposing party and futility of the amendment. See, e.g., Foman v. Davis, 371 U.S. 178, 182 (1962); Bartronics, Inc. v. Power-One, Inc., 245 F.R.D. 532, 534 (S.D. Ala. 2007).[3] Indeed, leave to amend a pleading may properly be denied under Rule 15(a) "when such amendment would be futile." Hall v. United Ins. Co. of Am., 367 F.3d 1255, 1263 (11th Cir. 2004). While cases addressing a proposed amended answer are sparse, this Court has derived guidance from analogous authorities relating to amended complaints. See, e.g., Bartronics, 245 F.R.D. at 535 (citing Arista Records, Inc. v. Flea World, Inc., 356 F. Supp. 2d 411, 419 (D.N.J. 2005) (stating that "[t]he same standard applies to motions for leave to amend both complaints and answers[]"). See also e.g., Massie v. Board of Trustees, Haywood Comm. College, 357 F.Supp.2d 878, 884 (W.D.N.C. 2005) (stating that a motion to amend an answer to state a new affirmative defense should be denied as futile only if proposed amendment is "clearly insufficient or frivolous on its face").

---

[3] Factors for consideration include: 1) undue delay, bad faith, dilatory motive or repeated failures to cure deficiencies by amendments previously allowed; 2) whether allowing an amendment would cause undue prejudice to the opposing party; and 3) whether an amendment would be futile. Foman, 371 U.S. at 182.

2

Rule 13(a) of the Federal Rules of Civil Procedure governs compulsory counterclaims and provides that "[a] pleading must state as a counterclaim any claim that -- at the time of its service -- the pleader has against an opposing party if the claim[] ... arises out of the transaction or occurrence that is the subject matter of the opposing party's claim[] ... and does not require adding another party over whom the court cannot acquire jurisdiction." FED.R.CIV.P 13(a)(1)(A)-(B). See, e.g., Construction Aggregates, Ltd. v. Forest Commodities Corp., 147 F.3d 1334, 1337 (11th Cir. 1998). The primary purpose of Rule 13 "is to avoid circuity of actions and to enable the court to settle all related claims in one action and thereby avoid a wasteful multiplicity of litigation on claims that arose from a single transaction or occurrence." Grow Group, Inc. v. Industrial Corrosion Control, Inc., 601 So.2d 934, 936 (Ala. 1992). To effect the purpose of Rule 13, the consequence for failing to assert a compulsory counterclaim is a bar against the assertion of that claim in any other action. See e.g., Owens v. Blue Tee Corp., 177 F.R.D. 673, 682 (M.D. Ala. 1998); Brooks v. Peoples Nat'l Bank of Huntsville, 414 So.2d 917, 920 (Ala. 1982). "Compulsory counterclaims which are not brought are 'thereafter barred.'" Nippon Credit Bank, Ltd. v. Matthews, 291 F.3d 738, 755 (11th Cir. 2002) (quoting Baker v. Gold Seal Liquors, Inc., 417 U.S. 467, 469 n. 1 (1974)), *abrogated on other grounds by* Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc., 593 F.3d 1249 (11th Cir. 2010). This means that where a party fails to plead a counterclaim, it is precluded from asserting that claim in other future litigation. See, e.g., Cleckner v. Republic Van & Storage Co., 556 F.2d 766, 769 n. 3 (5th Cir. 1977);[4] 6 CHARLES ALAN WRIGHT, ARTHUR R. MILLER, AND MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE: CIVIL 2D § 1417. The objectives of Rule 13(a) are to

---

[4] Decisions issued by the former Fifth Circuit rendered prior to October 1, 1981 are valid precedent in the Eleventh Circuit. Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981).

provide complete relief to the parties in a single suit, to promote judicial economy, and to avoid the inefficiencies of piecemeal litigation.  John Alden Life Ins. Co. v. Cavendes, 591 F. Supp. 362, 366 (S.D. Fla. 1984).  Rule 13(a) is particularly directed against one who "failed to assert a counterclaim in one action and then instituted a second action in which that counterclaim became the basis of the complaint."  Southern Construction Co. v. Pickard, 371 U.S. 57, 60 (1962).

In the Eleventh Circuit, courts apply the logical relationship test to determine whether a claim is compulsory.[5]  Republic Health Corp. v. Lifemark Hospitals of Fla., Inc., 755 F.2d 1453, 1454-1455 (11th Cir. 1985).  In King v. Hainje's, Inc., 2008 WL 3075756 (S.D. Ala. Jul. 22, 2008), this Court explained that:

> [a] counterclaim is compulsory if it "arises out of the same transaction or occurrence that is the subject matter of the opposing party's claim.".... The test the courts use to determine whether the claim and counterclaim arise from the same transaction or occurrence is the "logical relationship" test....a logical relationship exists when the "'same operative facts serve as the basis of both claims or the aggregate core of facts upon which the claim rests activates additional legal rights, otherwise dormant.'"….

Id. at *2 (citations omitted).  "Under this test, 'a counterclaim is logically related to the opposing party's claim where separate trials on each of their respective claims would involve a substantial duplication of effort and time by the parties and the courts.'"  Goings v. Advanced Systems, Inc. of Suncoast, 2008 WL 4195889, *2 (M.D. Fla. Sept. 12, 2008).

Upon consideration, Defendant's proposed counterclaims for breach of contract and

---

[5] Central Reserve Life Ins. Co. v. Kiefer, 211 F.R.D. 445, 448 (S.D. Ala. 2002) (footnote omitted):  Under Alabama law, a claim is compulsory if "it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim …." ALA. R. CIV. P. 13(a).[] "A claim arises out of the same transaction or occurrence if there is a 'logical relationship' between the claims."  See also Mississippi Valley Title Ins. Co. v. Hardy, 541 So.2d 1057, 1059-1060 (Ala. 1989) (noting that "[claims are logically related] to the opposing party's claim where separate trials on each of their respective claims would involve a substantial duplication of effort and time by the parties and the courts. Where multiple claims involve many of the same factual issues, or the same factual and legal issues, or where they are offshoots of the same basic controversy between the parties, fairness and considerations of convenience and of economy require that the counterclaimant be permitted to maintain his cause of action. Indeed the doctrine of *res judicata* compels the counterclaimant to assert his claim in the same suit for it would be barred if asserted separately, subsequently[]").

unjust enrichment appear logically related to Plaintiff's contract claims.  Additionally, at the time of service, Defendant had these claims against Plaintiff as they arise out of the transaction or occurrence that is the subject matter of Plaintiff's claims (the contract between the parties) and do not require adding another party over whom the Court cannot acquire jurisdiction.

As such, with the foregoing in mind and because leave should be freely given in the absence of any countervailing factors, "Defendant's Motion to Amend Pleadings to Assert Compulsory Counterclaims Against Plaintiff" (Doc. 17)  is **GRANTED.**

**DONE** and **ORDERED** this the **30th** day of **November 2015.**

/s/ Kristi K. DuBose
**KRISTI K. DUBOSE**
**UNITED STATES DISTRICT JUDGE**