```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF ALABAMA
                     SOUTHERN DIVISION
```

| | |
|---|---|
| **SOUTHWEST ALABAMA BEHAVIORAL** : | |
| **HEALTH CARE SYSTEMS,** : | |
| : | |
| **Plaintiff,** : | |
| : | |
| vs. : | **CIVIL ACTION NO. 15-00469-KD-B** |
| : | |
| **NETSMART TECHNOLOGIES, INC.,** : | |
| : | |
| **Defendant.** : | |

## REPORT AND RECOMMENDATION

This case is before the Court on the "Motion to Dismiss Plaintiff's Fraud Claim" filed by Defendant, Netsmart Technologies, Inc. (Doc. 3). The motion, which has been fully briefed and is ripe for resolution, has been referred to the undersigned for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c). Upon consideration of all matters presented, the undersigned RECOMMENDS, for the reasons stated herein, that Defendant's motion to dismiss be granted.

### I. Background Facts

This action was filed on September 11, 2015, in the Circuit Court of Conecuh County, Alabama, by Plaintiff, Southwest Alabama Behavioral Health Care Systems ("Southwest") against Defendant, Netsmart Technologies, Inc. ("Netsmart"), alleging that Netsmart entered into a contract with Southwest on August

16, 2013, "to provide software and hardware in computer services to assist [Southwest] for the purpose of maintaining the operations of [Southwest], including [any] and all maintenance regarding health information for clients of [Southwest]." (Doc. 1-1 at 2). Southwest claims that despite repeated requests, Netsmart "failed to honor the terms of the agreement and the supplemental agreements" and "repeatedly misrepresented material facts regarding their providing of services," causing Southwest to suffer financial loss, inconvenience, and the ability to service its clients. (Id.). Southwest demands that the agreements between the parties be terminated and seeks compensatory and punitive damages. (Id. at 2-3).

On September 25, 2015, Defendant timely removed the case to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. (Doc. 1). On September 30, 2015, Defendant filed the present motion to dismiss Plaintiff's fraud claim pursuant to Rule 12(b)(6) of the *Federal Rules of Civil Procedure*. (Doc. 3). Despite being ordered to file a response to the motion by October 26, 2015 (Doc. 8), to date, Plaintiff has failed to do so. The motion being fully briefed by Defendant, it is now ready for resolution.

**II. Analysis**

A defendant may move to dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) if the plaintiff has

2

failed to state a claim upon which relief may be granted. "The standard of review for a motion to dismiss is the same for the appellate court as it [is] for the trial court." Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir. 1990). "When considering a motion to dismiss, all facts set forth in the plaintiff's complaint 'are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto." Grossman v. Nationsbank, N.A., 225 F.3d 1228, 1231 (11th Cir. 2000) (quoting GSW, Inc. v. Long County, 999 F.2d 1508, 1510 (11th Cir. 1993)). All "reasonable inferences" are drawn in favor of the plaintiff. St. George v. Pinellas County, 285 F.3d 1334, 1337 (11th Cir. 2002).

To survive a 12(b)(6) motion to dismiss for failure to state a claim, the complaint "does not need detailed factual allegations"; however, the "plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level . . ., on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted). The plaintiff must plead "enough facts to state a claim that is plausible on its face." Id. at

570. Unless a plaintiff has "nudged [his] claims across the line from conceivable to plausible," the complaint "must be dismissed." Id.

"[U]unsupported conclusions of law or of mixed fact and law" will not defeat a Rule 12(b)(6) motion for dismissal. Dalrymple v. Reno, 334 F.3d 991, 996 (11th Cir. 2003) (quoting Marsh v. Butler County, Ala., 268 F.3d 1014, 1036 n.16 (11th Cir. 2001)). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]' — that the pleader is entitled to relief." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). The U.S. Supreme Court has suggested that courts adopt a "two-pronged approach" when considering motions to dismiss: "1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" American Dental Ass'n v. Cigna Corp., 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting Iqbal, 556 U.S. at 664). Importantly, "courts may infer from the factual allegations in the complaint 'obvious alternative explanation[s],' which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer." Id. (quoting Iqbal, 556 U.S. at 682).

In the complaint, Plaintiff seeks damages for "fraud" and "misrepresentation" by Defendant Netsmart arising out of the contract between Plaintiff and Defendant for computer services. (Doc. 1-1 at 3). Because Plaintiff alleges fraud, the substantive allegations in the complaint must comply not only with the plausibility criteria articulated in Twombly and Iqbal, but also with *Federal Rule of Civil Procedure* 9(b)'s heightened pleading standard. See Harris v. Hancock Bank, 2011 U.S. Dist. LEXIS 40834, *8, 2011 WL 1435500, *2 (S.D. Ala. Apr. 14, 2011) ("Substantive fraud allegations 'must comply not only with the plausibility criteria articulated in Twombly and Iqbal but also with Fed. R. Civ. P. 9(b)'s heightened pleading standard, which requires that in alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.").

Rule 9(b) requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Under Rule 9(b), a plaintiff must allege: "(1) the precise statements, documents, or misrepresentations made; (2) the time, place, and person responsible for the statement; (3) the content and manner in which these statements misled the Plaintiffs; and (4) what the defendants gained by the alleged fraud." Ambrosia Coal & Const. Co. v. Pages Morales, 482 F.3d 1309, 1316-17 (11th Cir.

2007) (citing <u>Brooks v. Blue Cross & Blue Shield of Fla., Inc.</u>, 116 F.3d 1364, 1380-81 (11th Cir. 1997)).

"Rule 9(b)'s heightened pleading standard may be applied less stringently . . . when specific 'factual information [about the fraud] is peculiarly within the defendant's knowledge or control.'" <u>Hill v. Morehouse Med. Assocs.</u>, 2003 U.S. App. LEXIS 27956, *10, 2003 WL 22019936, *3 (11th Cir. Aug. 15, 2003) (citations omitted).  In addition, allegations of intent or knowledge "need only give rise to a strong inference that the defendants possessed the requisite fraudulent intent." <u>Id.</u>, 2014 WL 5502464 at *12 (citations omitted).  "[C]onditions of a person's mind, such as intent or knowledge, may be alleged generally." <u>Id.</u> (citations omitted).

The Court now turns to Plaintiff's fraud claim in the present case.  With the exception of Plaintiff's demand for damages, the complaint in its entirety consists of five sentences, four of which are directed to Plaintiff's breach of contract claim.  In the sole, bare allegation of fraud against Defendant Netsmart, Plaintiff states:

> 2. Despite repeated requests by the plaintiff, the defendant has failed to honor the terms of the agreement and the supplemental agreements and **have repeatedly misrepresented material facts regarding their providing of [computer] services**.

(Doc. 1-1 at 2) (emphasis added).  In the demand for damages,

Plaintiff concludes that "due to the fraud and misrepresentation by the defendant, the plaintiff request[s] punitive damages from the defendant of $1,000,000.00." (Id. at 3).

In the motion to dismiss and accompanying brief, Defendant argues that Plaintiff's fraud claim is due to be dismissed because Plaintiff "has failed to allege its fraud claim 'with particularity' as required by Rule 9(b) of the *Federal Rules of Civil Procedure*." (Doc. 4 at 1). The Court agrees.

As Defendant correctly points out, Plaintiff's bare allegation of fraud, quoted above, does not identify "(1) the precise statements, documents, or misrepresentations made; (2) the time, place, and person responsible for the statement; (3) the content and manner in which these statements misled the Plaintiffs; and (4) what the defendants gained by the alleged fraud," as required by Rule 9(b). See Ambrosia, 482 F.3d at 1317. To the contrary, the single fraud allegation in Plaintiff's complaint falls well short of Rule 9(b)'s baseline requirements. Furthermore, the complaint, as pleaded, does not comport with Twombly and Iqbal because it lacks sufficient factual matter, accepted as true, to state a plausible claim for fraud. The Complaint does not identify any Netsmart representative who ever made a fraudulent statement, much less set forth the specific content and context of such a statement, but instead "trades in conclusory labels and generalities, which

7

simply are not sufficient to satisfy threshold pleading requirements." Harris, 2011 U.S. Dist. LEXIS 40834 at *9, 2011 WL 1435500 at *3.

Last, the Court observes that courts in the Eleventh Circuit have held that the failure of a party to respond or oppose a pending motion may constitute an abandonment of the claims at issue in that motion. See Johnson v. City of Mobile, 2010 U.S. Dist. LEXIS 106304, *3, 2010 WL 3748412, *1 (S.D. Ala. Sept. 1, 2010), *report and recommendation adopted*, 2010 WL 3768366 (S.D. Ala. Sept. 17, 2010) (citing cases: Coalition for the Abolition of Marijuana Prohibition v. City of Atlanta, 219 F.3d 1301, 1326 (11th Cir. 2000)(finding that a party's failure to brief and argue an issue before the district court is grounds for declaring it abandoned); Hooper v. City of Montgomery, 482 F. Supp. 2d 1330, 1334 (M.D. Ala. 2007)(concluding that a plaintiff's failure to respond to Plaintiff's *motion to dismiss* warranted dismissal of those claims as abandoned); Northern Assur. Co. of America v. Bayside Marine Constr., Inc., 2009 U.S. Dist. LEXIS 4033 (S.D. Ala. January 20, 2009) ([a party's] decision not to proffer argument or authority in response to the Motion [to dismiss] is at his peril."). Thus, while the Court finds, separately, that Plaintiff's fraud claim is due to be dismissed on the merits for failure to state a claim upon which relief can be granted, Plaintiff's failure to oppose the motion

to dismiss provides an additional ground for dismissing the claim on the basis of abandonment.  Id.

## V. Conclusion

Based on the foregoing, the undersigned finds that Defendant's motion to dismiss Plaintiff's fraud claim is due to be granted.

### NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); **Fed. R. Civ. P.** 72(b); S.D. ALA. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." *11th Cir. R. 3-1.*  In order to be specific, an objection must

identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **1st** day of **December, 2015.**

                                            **/s/ SONJA F. BIVINS**
                                         **UNITED STATES MAGISTRATE JUDGE**